**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge John L. Kane**

Civil Action No. 09-cv-00386-JLK

RONALD J. JANSSEN, individually and on behalf of all others similarly situated,
    Plaintiff,

v.

OPPENHEIMERFUNDS, INC.,
 OPPENHEIMER FUNDS DISTRIBUTOR, INC.,
WILLIAM L. ARMSTRONG,
ROBERT G. AVIS,
GEORGE C. BOWEN,
EDWARD L. CAMERON,
JON S. FOSSEL,
SAM FREEDMAN,
BEVERLY L. HAMILTON,
ROBERT J. MALONE,
F. WILLIAM MARSHALL, JR.,
JOHN V. MURPHY,
BRIAN W. WIXTED, and
ANGELO MANIOUDAKIS,
    Defendants.

-------------------------------------------------------------------------------

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

-------------------------------------------------------------------------------

## I.      INTRODUCTION

Defendants have moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the

Southern District of New York. *See* Doc. No. 7. Plaintiff has filed an opposition to the Motion.

Plaintiff has also moved the Judicial Panel on Multidistrict Litigation (the "MDL Panel") for an

order pursuant to 28 U.S.C. § 1407 transferring the Oppenheimer Champion Income Fund

putative class actions pending in the Southern District of New York to this District and

consolidating all of the actions before this Court. The MDL Panel sets transfer and consolidation

motions for consideration every two months. The last hearing was March 26, 2009, and,

accordingly, it is expected that the next hearing session will be held in late May.

- 1 -

In light of Plaintiff's MDL Motion, Plaintiff moves to stay consideration of Defendants' transfer motion.  A stay is well within this Court's discretion, would be limited in scope and duration, and, without prejudice to any party, would prevent the Court, the parties, and their counsel from wasting time and resources.  A stay is the common sense and practical approach under the circumstances.

## II.    ARGUMENT

Guided by the "policies of justice and efficiency," the Court should exercise its discretion to stay all further proceedings here pending the MDL Panel's decision. *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 U.S. Dist. Lexis 2656, at *3 (E.D. La. Feb. 24, 1995).  The power to stay is well established and particularly apt here.  It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954) (same); *Sonkin v. Barker*, 670 F. Supp. 249, 253 (S.D. Ind. 1987) (same).

When deciding whether to issue a stay pending a decision by the MDL Panel, courts look at considerations of judicial economy and prejudice to the parties. *Franklin v. Merck & Co., Inc.*, 2007 U.S. Dist. Lexis 5010, at *6 (D. Colo. Jan. 24, 2007) (citing *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997)).  Although a court need not "automatically" stay an action whenever it is subject to potential consolidation and transfer by the MDL Panel, *Rivers*, 980 F. Supp. at 1360, savings in judicial resources have prompted a "majority of courts [to] conclude[] that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *Rivers*, 980 F. Supp. at 1362.  That majority includes two cases from this District. *See Franklin*, 2007 U.S. Dist. Lexis 5010, at *6; *Lilak v. Pfizer Corp., Inc.*, 2008 U.S. Dist. Lexis 95535, at *7 (D. Colo. Nov. 13, 2008).  For

- 2 -

other cases, see, for example, *Lyman v. Asbestos Defendants*, 2007 U.S. Dist. Lexis 78766, at *9 (N.D. Cal. Oct. 9, 2007); *U.S. Bank Nat'l Ass'n v. Royal Indemn. Co.*, 2002 U.S. Dist. Lexis 17837, at *8-9 (N.D. Tex. Sept. 23, 2002); *Rivers*, 980 F. Supp. at 1360; *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 U.S. Dist. Lexis 7374, at *9 (E.D. Pa. May 6, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.*, 1991 U.S. Dist. Lexis 1431, at *6 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 U.S. Dist. Lexis 4068, at *5 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Labs*, 1987 U.S. Dist. Lexis 16134, at *3 (D.D.C. Apr. 21, 1987).

The MDL Panel has been asked to transfer and consolidate all of the Oppenheimer Champion Income Fund class actions in this Court.  If this Court were to proceed and transfer the case to the Southern District of New York as Defendants have requested, the case could very well be sent back here by the MDL Panel.  This would be a waste of judicial resources.  A limited stay will not prejudice any party in these proceedings.  There are no other motions to be decided here, a stay of discovery under the PSLRA is in force, and any stay is likely to be relatively short given that the next MDL hearing will likely be in late May.

In short, there is nothing to lose and benefits to be gained to the Court and the parties in granting the requested stay.  Absent a stay, all concerned will be denied the efficiencies that flow from the MDL Panel's ruling on consolidation and venue.

### III.    CONCLUSION

For the foregoing reasons, this motion should be granted and proceedings stayed pending the MDL Panel's determination.

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Pursuant to D.C.COLO.LCivR 7.1A, counsel for the Plaintiff conferred with counsel for Defendants regarding the relief requested herein.  Defendants oppose the relief sought.

- 3 -

Dated:  April 6, 2009      By: <u>s/Robert B. Carey</u>

Robert B. Carey
The Carey Law Firm
2301 East Pikes Peak Avenue
Colorado Springs, CO  80909
Telephone:  (719) 635-0377
Facsimile:  (719) 635-2920
rob.carey@att.net

Steve W. Berman
Sean R. Matt
Erin K. Flory
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com

Dave Gaba
COMPASS LAW GROUP PLLC
1001 Fourth Avenue
Suite 3200
Seattle, WA  98154
Telephone:  (206) 467-7026
Facsimile:  (206) 734-3854

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2009, I electronically filed a true and correct copy of this foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Dale R. Harris
dale.harris@dgslaw.com

Robert Nolen Miller
rmiller@perkinscoie.com

Stephanie Erin Dunn
sdunn@perkinscoie.com

Attorneys for Defendants

<div style="margin-left: 40%">

s/Robert B. Carey
Robert B. Carey
The Carey Law Firm
2301 East Pikes Peak Avenue
Colorado Springs, CO  80909
Telephone:  (719) 635-0377
Facsimile:  (719) 635-2920
rob.carey@att.net

</div>

010109-11  295137 V1