UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION
_____

Civil Action No. **09-cv-386-JLK-KMT**

**RONALD J. JANSSEN, Individually and on Behalf of all Others Similarly Situated**,

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.**,

    Defendants.
_____

Civil Action No. **09-cv-525-JLK-KMT**

**HELGA PETERS**, **Individually and on Behalf of all Others Similarly Situated,**

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC. et al.,**

    Defendants.
_____

Civil Action No. **09-cv-1186-JLK-KMT**

**JULIAN FERGUSON, Individually and on Behalf of all Others Similarly Situated**,

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.**,

    Defendants.

## AMENDED ORDER

Kane, J.

The above-captioned cases – which include all of the Rochester Fund multidistrict cases ordered transferred to this Court in the JPML's June 17 Order as well as the related "Champion" (*Janssen* and *Peters*) and "Core Bond" (*Ferguson*) cases filed in this Court but not identified as potential tagalong actions – are set for an **Initial Combined Status/Initial Case Management Conference** at 9:00 a.m. Wednesday, July 15, 2009, in Courtroom A-802, Alfred A. Arraj U.S. District Courthouse, 901 19th St., Denver, Colorado.  This conference is intended to launch the process of managing this litigation and coordinating pretrial proceedings.  Counsel will each be given an opportunity to be heard and to express their views regarding the best way to insure its "just, speedy and inexpensive determination."  *See* Fed. R. Civ. P. 1.

In preparation for this conference, counsel for individual Plaintiffs and Plaintiff groups shall **MEET** and **CONFER** on issues of consolidation and the identification and selection of lead plaintiff and lead counsel in the various actions, with the goal of preparing a **Plaintiffs' Joint Position Statement** setting forth the results of their discussions.[1]  Counsel for the various Defendants and Defendant Groups are also

---

[1] I am aware these issues may be complex.  For example, I would like to see individual class actions consolidated by region with a single set of lead and liaison counsel.  It may be more appropriate, however, to consolidate around common types of funds or allegations of fraud.  These are the types of issues I want discussed before the July 15 conference and presented in table or matrix form in the Joint Position Statements.

2

**ORDERED** to meet and confer. All counsel are referred to Sections 11 and 31 of the Manual for Complex Litigation 4th, and their various subsections, for an overview of the issues to be discussed. I specifically want counsel to discuss the consolidation of multiple actions by district and submit a table or matrix of their various positions in that regard. The selection and appointment of Lead Plaintiffs and Lead/Liaison Plaintiff Counsel will flow directly from the issues of consolidation. Counsel should also discuss and propose a timeline for filing/refiling, briefing and arguing (if necessary) motions to consolidate as well as a timeline for filing consolidated Class Action Complaints. I expect these timelines to be expedited given the time that has already passed in the 28 U.S.C. § 1407 process. Individual counsel should feel free to include any other issues or proposals fitting with the purpose and tenor of this initial conference in their Joint Statements. Any good idea will be given a good look.

The Plaintiffs' **Joint Position Statement** shall be filed in each of the above-captioned actions on or before July 12, 2009. Defendants' **Joint Position Statement** may be filed by noon on *Tuesday July 14*, 2009. Counsel wishing to appear at the July 15 conference by telephone should contact my assistant, Sara Jones.

---

What I do not want, however, is the same or significantly overlapping classes of plaintiffs pursuing substantially identical claims involving the same funds or fund groups in different actions driven by attorneys desirous of Lead Counsel designations. Counsel perceived to be thwarting efforts to streamline these proceedings in order to maximize the number of Lead Counsel appointments will be looked upon with disfavor and may even, if appropriate under 28 U.S.C. § 1927, face sanctions.

3

Dated:  June 25, 2009.

                                                      **s/John L. Kane**
                                                      SENIOR U. S. DISTRICT JUDGE