UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to all Master Docket (MDL and D. Colo.) actions.
_____

Civil Action No. **09-cv-386-JLK-KMT**

**RONALD J. JANSSEN, Individually and on Behalf of all Others Similarly Situated**,

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.**,

    Defendants.
_____

Civil Action No. **09-cv-525-JLK-KMT**

**HELGA PETERS, Individually and on Behalf of all Others Similarly Situated,**

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC. et al.,**

    Defendants.
_____

Civil Action No. **09-cv-1186-JLK-KMT**

**JULIAN FERGUSON, Individually and on Behalf of all Others Similarly Situated**,

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.**,

    Defendants.

**COURT'S NOTICE TO COUNSEL RE: APPOINTMENT OF SPECIAL MASTER**

Kane, J.

    I appreciate the response of counsel to my request for nominations for appointment of a

special master for purposes of settlement and mediation only.  I am very favorably impressed by the names suggested and will consider each one.  Some counsel are concerned about the timing of the appointment and I think it is necessary to allay those concerns which I have inadvertently caused.

I will not appoint a special master at this time.  I will first need to see the motions to dismiss that are filed and get a better sense of the their heft and feel.  I also will need to be more informed about the selections of lead counsel and liaison counsel, *vel non*.  Once obtaining that knowledge, I will be in a better position to decide when such an appointment is optimal and which nominee is best suited.  It may be most prudent to wait until the several motions are ruled upon or, depending on their scope and the possible utility of engaging a special master earlier if it appears appropriate to provide greater lead time for the special master to become oriented to the litigation and arrange his or her own work schedule.  I will also defer until appointment consideration of the scope of authority vested in the special master.

My present thinking, subject to further consideration, is that the special master will not be asked to prepare a report under Rule 53 (e) because, quite frankly, I do not want to know anything more about settlement than necessary.  As stated of record in this case, my desire is personally to stay out of settlement efforts because I find that familiarity with that activity sometimes adversely affects my ability to be objective in ruling on motions and issuing orders.  That, too, is why I have made a point of not having Magistrate Judge Tafoya assigned any responsibilities for settlement or mediation.  Of course, I will support and assist the special master in his or her efforts to the full extent of the law.

My belief and practice regarding settlement has been referred to somewhat colloquially as the "feet to the fire approach."  In other words, I believe I am most effective in assisting in settlements by ruling as quickly as possible on motions, enforcing deadlines and providing fixed, firm trial dates that will not be moved about merely to suit anyone's convenience, including my own, but only when a statute such as the Speedy Trial Act requires a preferential setting.  I do not, and never have, employed so-called trailing dockets or multiple case settings.  This personal assessment thus makes the appointment of a special master for settlement and mediation purposes even more important. I will need to appoint someone in whom I can place complete confidence, who will take charge and not bury me with memos.

Finally, a word about Sections 11.214 and 13.11 of the Manual for Complex Litigation (Fourth)(2009) seems fitting.  I have made my announcements about selecting a special master for settlement and mediation early on and advised that the Magistrate Judge will be principally in charge of attorney fee matters so that all counsel are well-advised from the beginning of this triad as a case management model.  I have no idea whatever how I will rule on the anticipated motions to dismiss nor whom I will select as lead counsel(s), but have advised all parties that I will not be referring these matters to a special master or Magistrate Judge.  I will say at this point that the legal ground upon which we are all working is somewhat spongy given the comparatively recent *Iqbal, Twombly* and *Tellabs* cases.  Therefore, I expect the motions and briefs and my orders to require significant effort and thoroughness.  Once again, I urge counsel

2

to review that portion of the court's website containing my procedures and policies supplementing the Federal Rules of Civil Procedure.  If it helps, I much prefer Hemingway to Faulkner.

Dated: August 6, 2009

                                                **s/John L. Kane**
                                                SENIOR U. S. DISTRICT JUDGE