IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-02738-JLK**

**DONALD L. COHN and KAREN S. COHN**,

v.

**OPPENHEIMER FUNDS, INC. et al.**

Civil Action No. **09-cv-00386-JLK-KMT** (consolidated with **09-cv-525-JLK-KMT**)

**IN RE: OPPENHEIMER CHAMPION FUND SECURITIES FRAUD CLASS ACTIONS**

This document relates to BOTH actions.

Civil Action No**. 09-cv-01186-JLK-KMT**

**IN RE: CORE BOND FUND**

## ORDER GRANTING THE UNOPPOSED MOTION TO CONSOLIDATE AND PROPOSAL FOR CONSOLIDATION

THE COURT HAVING reviewed the Unopposed Motion to Consolidate and Proposal for Consolidation, the file in this matter and being fully advised does hereby **GRANT** the Motion and **ORDER** as follows:

1. *In re: Oppenheimer Champion Fund Securities Class Fraud Class Actions*, Civil Action No. 09-cv-00386-JLK-KMT (consolidated with 09-cv-525-JLK-KMT) and *In re Core Bond Fund*, Civil Action No. 09-cv-01186-JLK-KMT (hereinafter referred to as the "Fixed Income Fund Actions") and *Donald L. Cohn and Karen S. Cohn v.*

*OppenheimerFunds, Inc., et al*, Civil Action No. 09-cv-02738-JLK-KMT (hereinafter the "Cohn Action") are hereby consolidated for discovery purposes only, pursuant to Federal Rule of Civil Procedure 42(a) as provided herein and to the extent set forth below.

  2. The law firm appointed as Lead Counsel in the Fixed Income Fund Actions ("Lead Counsel") shall be principally responsible for overseeing and conducting the discovery in these consolidated actions.

  3. All discovery in the Fixed Income Fund Actions and the Cohn Action, including but not limited to document requests, interrogatories, depositions, requests to admit and any and all motions directed thereto shall be propounded by Lead Counsel in cooperation with and in consultation with counsel for the Cohn Plaintiffs ("Cohns' Counsel") except as provided herein.

  4. Lead Counsel shall consult with Cohns' Counsel to obtain their views on proposed document requests, interrogatories, requests for admissions and depositions, and to incorporate those views wherever Lead Counsel deems it is appropriate to do so.

  5. Cohns' Counsel may not serve discovery requests, including document requests, third-party subpoenas, interrogatories and requests to admit, to the extent they are duplicative of the discovery requests made by Lead Counsel.  Further, prior to serving any discovery request, Cohns' Counsel shall provide Lead Counsel with notice and copies of any requests.  If Lead Counsel responds in writing to Cohns' Counsel (within 14 days after receipt of the notice) stating its objection to the proposed discovery requests and reasons for such objection, then Cohns' Counsel shall not serve the

discovery requests except with leave of Court pursuant to paragraph 9 below. Cohns' Counsel may serve any non-duplicative discovery request within 90 days prior to the close of discovery, without notice to Lead Counsel, so long as Lead Counsel has not previously made such a discovery request.

6. Cohns' Counsel, at its own expense, shall be entitled to make a copy of any or all discovery produced in the Fixed Income Fund Actions. Lead Counsel, at their own expense, shall similarly be entitled to make a copy of any or all discovery produced in the Cohn Action.

7. Cohns' Counsel may not notice witness or party depositions to the extent they are duplicative of depositions noticed by Lead Counsel. Further, prior to Cohns' Counsel noticing any witness or party deposition, Cohns' counsel shall provide written notice identifying the prospective deponent to Lead Counsel. If Lead Counsel responds in writing to Cohns' Counsel within 14 days after receipt of the notice stating its objection to the deposition and reason for such objection, then Cohns' Counsel shall not serve the notice except with leave of the Court pursuant to paragraph 9 below. Cohns' Counsel may serve notice for any non-duplicative deposition within 90 days prior to the close of discovery without notice to Lead Counsel, so long as Lead Counsel has not noticed the deposition of the same witness.

8. Lead Counsel shall be responsible for the questioning of witnesses at depositions and shall proceed in cooperation with Cohns' Counsel, who shall have the right to pose only non-duplicative questions to the witness following questioning by Lead Counsel. Nothing herein shall be construed as affecting any time allotted to the Class

Action plaintiffs or the Cohn Plaintiffs to depose witnesses, as set forth in the Federal Rules of Civil Procedure, or by order of this court.

9. Cohns' Counsel may seek the court's intervention if they believe, after conferring with Class Counsel, that specified additional discovery is necessary to protect interests of the plaintiffs in the Cohn Action.

10. Nothing herein shall be deemed to limit or waive any objections Defendants may have to discovery in the Consolidated Actions and all objections to discovery in the Consolidated Actions, including but not limited to objections to duplicative document and written discovery, duplicative depositions and deposition examinations of any witness, premature discovery not contemplated under the PSLRA, and irrelevant and/or unduly burdensome discovery are reserved. Nothing herein shall be deemed to determine the timing, sequencing and order of discovery in the Consolidated Actions and the positions and objections of the parties with respect thereto are preserved

11. Cohns' Counsel may, at any time, enter into settlement negotiations on behalf of the Cohn Plaintiffs, exclusively. Lead Counsel shall not bind the Cohn Plaintiffs in regard to settlement.

DONE AND SIGNED THIS 2nd day of March, 2010.

BY THE COURT:

*s/John L. Kane*
United States District Judge
Judge John L. Kane