EXECUTION COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge John L. Kane

Civil Action No. **09-cv-386-JLK-KMT** (consolidated with **09-cv-525-JLK-KMT**)

## IN RE: OPPENHEIMER CHAMPION FUND SECURITIES FRAUD CLASS ACTIONS

*This document relates to BOTH actions.*

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

---

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of May 19, 2011, is made and entered into by and among Errol Glynn O'Steen and Thomas Goodwin ("Lead Plaintiffs"), on behalf of themselves and the Class, and OppenheimerFunds, Inc. ("OFI"), and OppenheimerFunds Distributor, Inc. ("OFDI") (collectively, "Oppenheimer"), John V. Murphy and Brian W. Wixted (together with Oppenheimer, the "Oppenheimer Defendants"), William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone and F. William Marshall, Jr. (collectively, the "Trustee Defendants") (the Oppenheimer Defendants and the Trustee Defendants are collectively referred to as "Defendants") by and through their undersigned counsel.

**WHEREAS**:

a.  Beginning on February 24, 2009, a series of proposed class actions were filed in the United States District Court for the District of Colorado (the "District Court" or "Court") alleging violations of the Securities Act of 1933 (the "1933 Act") in connection with alleged misstatements in the registration statements and prospectuses of Oppenheimer Champion Income Fund (the "Champion Fund");

b.      On September 25, 2009, Judge John L. Kane appointed Errol Glynn O'Steen and Thomas Goodwin to serve as Lead Plaintiffs, appointed Labaton Sucharow LLP as Lead Counsel and appointed The Shuman Law Firm as Liaison Counsel;

c.      On October 13, 2009, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint") asserting claims under Sections 11, 12(a)(2), and 15 of the 1933 Act (15 U.S.C. §§ 77k, 77l, and 77o) on behalf of all persons who bought shares of the Champion Fund during the period from January 1, 2006 through December 31, 2008 (the "Action");

d.      On December 3, 2009, the Oppenheimer Defendants and the Trustee Defendants each filed a motion to dismiss the Complaint; on January 19, 2010 Lead Plaintiffs filed an opposition to the motions to dismiss; and, on February 17, 2010 the Oppenheimer Defendants and the Trustee Defendants each filed their replies to the opposition;

e.      On July 19 and July 20, 2010, Lead Plaintiffs and Defendants met with Judge Layn R. Phillips (ret.) ("Judge Phillips") for a lengthy confidential mediation process in the Action and in a related action, *In re Core Bond Fund*, Civil Action No. 09-cv-1186-JLK-KMT (the "Core Bond Fund Action"), also pending before the Honorable John L. Kane in the United States District Court for the District of Colorado.  The initial mediation process was not successful.  Following the initial mediation process, Defendants produced thousands of documents subject to the confidentiality provisions of the mediation process, which Lead Counsel promptly reviewed and analyzed;

f.      On November 9, 2010, following another lengthy confidential mediation process before Judge Phillips, Lead Plaintiffs and Defendants entered into a Memorandum of

Understanding (the "MOU") setting forth the material terms of proposed settlements in the Action and in the Core Bond Fund Action;

g.      After entering into the MOU, Defendants produced thousands of additional documents subject to the confidentiality provisions of the mediation process, which Lead Counsel promptly reviewed and analyzed;

h.      Lead Plaintiffs, Lead Counsel and Liaison Counsel believe that the Settlement described in this Stipulation confers substantial benefits on the Class and is in the best interests of the Class.

**NOW, THEREFORE**, without any admission or concession whatsoever by Lead Plaintiffs of any lack of merit to the claims alleged in the Action, and without any admission or concession whatsoever by Defendants of any liability or wrongdoing or lack of merit in their defenses, and in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Lead Plaintiffs (individually and on behalf of the Class) and Defendants that, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Action be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

<u>**CERTAIN DEFINITIONS**</u>

1.      Capitalized terms not defined elsewhere in this Stipulation shall have the following meanings:

(a)      "Actions" means the Action and the Core Bond Fund Action.

(b)      "Authorized Claimant" means a Class Member (i) with a valid claim, whose name, address, and account information is provided by the Oppenheimer Defendants, a

broker-dealer, or other intermediary to the Claims Administrator, or (ii) who submits a timely

and valid Proof of Claim, which includes proof of the Class Member's loss as specified in the

Proof of Claim, to the Claims Administrator.

(c)    "Claims Administrator" means the firm of Epiq Class Action & Claims

Solutions, Inc., designated by Lead Counsel subject to the approval of the District Court, that

shall administer the Settlement.

(d)    "Class" or "Class Members" means all persons and entities who purchased

or otherwise acquired shares of the Champion Fund during the Class Period and who were

damaged thereby.  Excluded from the Class are Defendants; Oppenheimer's Officers and

Directors; members of Defendants' immediate families; Defendants' legal representatives, heirs,

successors, or assigns; any entity in which Defendants have or had a controlling interest; and any

mutual fund or account managed by OFI or its affiliates (including without limitation "funds of

funds") that owned shares of the Champion Fund.  Also excluded from the Class are any

proposed Class Members who properly exclude themselves by filing a valid and timely request

for exclusion in accordance with the requirements set forth in the Notice.

(e)    "Class Period" means the period from January 1, 2006 through December

31, 2008, inclusive.

(f)    "Defendants' Counsel" means Dechert LLP, K&L Gates LLP, Perkins

Coie LLP, and Davis, Graham & Stubbs LLP.

(g)    "Distribution Order" means an order of the District Court that approves

the Claims Administrator's administrative determinations concerning the acceptance and

rejection of claims to the Settlement; that approves the reasonable remaining costs of providing

Notice and administering the Settlement, including reasonable fees and expenses of the Claims

Administrator and reasonable attorneys' fees and expenses not previously applied for; and that

determines that the Effective Date has occurred and directs payment of the Net Settlement Fund

to Authorized Claimants.

      (h)    "Effective Date of Settlement" or "Effective Date" means the date upon

which the Settlement in the Action shall become effective and final, as set forth in paragraph 23

below.

      (i)    "Escrow Account" means the separate interest-bearing escrow account(s)

at a federally insured banking institution designated by Lead Counsel into which the Settlement

Amount is to be deposited for the benefit of the Class in this Action.  Except as set forth

elsewhere in this Stipulation, the Escrow Account shall be controlled solely by Lead Counsel.

      (j)    "Escrow Agent" means Citibank, N.A.

      (k)    "Fee and Expense Application" means an application to be filed by Lead

Counsel for attorneys' fees and reimbursement of expenses as defined in paragraph 17(a).

      (l)    "Final Judgment" means a judgment entered by the District Court,

substantially in the form of Exhibit B attached hereto.

      (m)    "Gross Settlement Fund" means the sum of the Settlement Amount and all

interest earned on the Settlement Amount.

      (n)    "Lead Counsel" means Labaton Sucharow LLP and Hagens Berman Sobol

Shapiro LLP, Lead Counsel for Lead Plaintiffs and the Class.

      (o)    "Net Settlement Fund" means the balance of the Gross Settlement Fund

available to be distributed to Authorized Claimants after subtracting the dollar amounts paid or

owing in connection with the Settlement as set forth in this Stipulation.

(p)     "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action for Identified Purchasers" and the "Notice of Pendency and Proposed Settlement of Class Action for Un-Identified Purchasers," substantially in the forms of Exhibits 1 and 2, respectively, to Exhibit A attached hereto, which are to be sent to the Class, subject to the approval of the Court.

(q)     "Parties" means Lead Plaintiffs, on behalf of themselves and the Class, and Defendants in the Action.

(r)     "Plan of Allocation" means the "Distribution Plan" of the Net Settlement Fund as set forth in the Notice or such other plan of allocation as the District Court approves.

(s)     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice to the Class of the pendency of the Action and of the Settlement, to be entered by the District Court, substantially in the form of Exhibit A attached hereto.

(t)     "Proof of Claim" means the Proof of Claim form, substantially in the form of Exhibit 3 to Exhibit A attached hereto.

(u)     "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action for publication, substantially in the form of Exhibit 5 to Exhibit A attached hereto.

(v)     "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

(w)     "Record of Fund Transactions" means the letter, substantially in the form of Exhibit 4 to Exhibit A attached hereto, to be sent to Class Members for whom Defendants,

broker-dealers, or other intermediaries have provided name, address and Class Period account transaction information.

(x)     "Released Claim(s)" means all claims, demands, rights, actions, suits, or causes of action of every nature and description, whether known or unknown (including Unknown Claims, as defined herein), whether the claims arise under federal, state, statutory, regulatory, common, foreign or other law, whether foreseen or unforeseen, and whether asserted individually, directly, representatively, derivatively, or in any other capacity, that the Releasing Plaintiff Parties: (1) asserted in the Complaint or the Action as against the Released Defendant Parties; (2) have asserted, could have asserted, or could assert in the future, in any forum against the Released Defendant Parties that are based upon, arise out of, or relate in any way to the facts, matters, transactions, allegations, claims, losses, damages, disclosures, filings, or statements set forth in the Complaint or at issue in the Action; or (3) have asserted, could have asserted, or could assert in the future relating to the prosecution, defense, or settlement of the Action as against the Released Defendant Parties.  Released Claim(s) does not include: (1) claims to enforce the Settlement or (2) the rights of the Core Bond Fund in any derivative claim filed or asserted against the Released Defendant Parties prior to the date of this Stipulation.

(y)     "Released Defendant Parties" means (1) any and all of the Defendants and/or their current or former attorneys, auditors, officers, directors, employees, partners, subsidiaries, affiliates, related companies, parents, insurers, heirs, executors, representatives, predecessors, successors, assigns, trustees, or other individual or entity in which any Defendant has a controlling interest; and (2) broker-dealers or financial advisers of any Class Member.  For the avoidance of doubt, the Champion Income Fund is included in the definition of Released Defendant Parties.

(z)      "Released Defendants' Claim(s)" means any and all claims and causes of action of every nature and description, including known and unknown claims (including Unknown Claims as defined herein), whether arising under federal, state, statutory, regulatory, or common, or foreign or other law, that the Defendants asserted or could have asserted against the Released Plaintiff Parties, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (other than claims to enforce the Settlement).

(aa)     "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties collectively.

(bb)     "Released Plaintiff Parties" means any and all of the Lead Plaintiffs, Class Members, Lead Counsel, and their respective partners, employees, attorneys, heirs, executors, administrators, trustees, successors, predecessors, and assigns.

(cc)     "Releasing Plaintiff Parties" means:  (i) Lead Plaintiffs; (ii) all Class Members; (iii) Lead Plaintiffs' and each Class Member's present or past heirs, executors, administrators, successors, assigns, and predecessors; and (iv) any person or entity who claims by, through, or on behalf of the Lead Plaintiffs or any Class Member.

(dd)     "Repayment Obligation" means the obligation, pursuant to paragraphs 3, 17, and 23(e) below, to return the dollar amount distributed from the Gross Settlement Fund before the Effective Date for Lead Counsel's attorneys' fees and expense reimbursement, plus interest on those amounts equal to what would have been earned had the amounts remained in the Gross Settlement Fund.

(ee)     "Settlement" means the settlement contemplated by this Stipulation.

(ff)     "Settlement Amount" means $52,500,000 in United States currency.

(gg)   "Unknown Claims" means (i) any and all Released Claims that any of the Releasing Plaintiff Parties does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties which, if known by him, her or it might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement (including the decision not to object or exclude himself, herself, or itself from the Settlement), and (ii) any Released Defendants' Claims that any Defendant does not know to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her or it might have affected his, her, or its settlement with and release of the Released Plaintiff Parties, or might have affected his, her, or its decision(s) with respect to the Settlement.  Moreover, with respect to any and all Released Claims and any and all Released Defendants' Claims, upon the Effective Date, the Releasing Plaintiff Parties and Defendants, respectively, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Plaintiff Parties, or any one of them, may hereafter discover facts other than or different than those which he, she or it knows or believes to be true, but each of the Releasing Plaintiff Parties hereby expressly waives and fully, finally, and forever settles and releases, upon the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-

contingent Released Claim.  Likewise, the Defendants, or any one of them, may hereafter

discover facts other than or different than those which he, she or it knows or believes to be true,

but each of the Defendants hereby expressly waives and fully, finally, and forever settles and

releases, upon the Effective Date, any known or unknown, suspected or unsuspected, contingent

or non-contingent Released Defendants' Claim.  The Parties acknowledge that the inclusion of

"Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was

separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation shall be in full and final

disposition of the Action and any and all Released Claims as against all Released Defendant

Parties and any and all Released Defendants' Claims as against all Released Plaintiff Parties.

(a)      Upon the Effective Date of the Settlement, and without any further action,

Lead Plaintiffs shall dismiss the Action with prejudice and on the merits, without an assessment

of costs against any party.

(b)      Upon the Effective Date, and without any further action, the Releasing

Plaintiff Parties, for good and valuable consideration the adequacy of which is hereby

acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all

Released Claims against each and every one of the Released Defendant Parties, and shall forever

be barred and enjoined, without the necessity of any of the Released Defendant Parties posting a

bond, from commencing, instituting, prosecuting, or maintaining any of the Released Claims.

Upon the Effective Date, and without any further action, Lead Plaintiffs further agree not to

knowingly and voluntarily assist in any way any third party in commencing or prosecuting any

suit against the Released Defendant Parties relating to any Released Claim, including any

derivative suit not otherwise released.  Except as otherwise set forth herein, this Stipulation shall not affect whatever rights the Releasing Plaintiff Parties or any of them may have to participate in or benefit from, where appropriate, any relief or other recovery as part of a settlement or judgment in any action on behalf of Class Members.

(c)     Upon the Effective Date of the Settlement, and without any further action, Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Defendants' Claims against each and every one of the Released Plaintiff Parties, and shall forever be barred and enjoined, without the necessity of any of the Released Plaintiff Parties posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

3.     (a)     Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within ten (10) business days of the entry of the Preliminary Approval Order in the Action.  All Parties understand and agree that any obligation of the Trustee Defendants hereunder will be satisfied by insurers or other Defendants and that no portion of the Settlement Amount is to be paid personally by the Trustee Defendants.

(b)     No Defendant shall have any obligation to make any monetary contribution in Settlement of this Action, other than the payment of the Settlement Amount as described in paragraph 3(a).  In this Action, the Gross Settlement Fund shall be used only for the following purposes: (i) to compensate the Class pursuant to the Plan of Allocation approved by the District Court; (ii) to pay all reasonable and necessary costs of Notice to the Class and of

administration of the Settlement, as approved and ordered by the District Court, as well as any and all taxes due to state or governmental authorities as a result of the establishment or distribution of the Gross Settlement Fund; (iii) to reimburse Lead Counsel for reasonable costs and expenses paid in connection with this litigation, as approved by the District Court; and (iv) to pay reasonable and necessary attorneys' fees, as approved by the District Court and subject to paragraphs 17 and 23(e).

(c)     No money may be paid out of the Gross Settlement Fund before the Effective Date of the Settlement, except as follows: (i) reasonable costs of Notice and administration may be paid out of the Gross Settlement Fund, in accordance with orders of the District Court, up to the limit set forth in paragraph 12; (ii) Taxes may be paid out of the Gross Settlement Fund, as they come due and owing; and (iii) Lead Counsel's attorneys' fees and expense reimbursement, as more fully set forth in paragraph 17 below, may be paid out of the Gross Settlement Fund after the hearing on final approval, and as awarded by the District Court, *provided, however*, that in the event that the Effective Date does not occur, Lead Counsel shall repay to the Gross Settlement Fund the amount of the Repayment Obligation, and the Gross Settlement Fund, less only disbursements actually made or incurred for the costs of Notice, administration, and Taxes, shall be paid to Defendants.

## TAX TREATMENT AND ADMINISTRATION

4.     The Escrow Agent shall maintain the Settlement Amount in one or more Escrow Accounts.  The Escrow Agent shall invest the Settlement Amount in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested solely in such investments,

and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their current market value.

5.      All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the District Court.

6.      Other than the payment of the Settlement Amount as set forth in paragraph 3(a), neither the Released Defendant Parties nor Defendants' Counsel shall have any liability or responsibility for the Escrow Account or the payment of any Taxes.

7.      After the Settlement Amount has been paid into the Escrow Account in accordance with paragraph 3 above, the Parties agree to treat the Escrow Account as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing to occur.

8.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successor, which shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the interest earned on

the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in paragraph 9 hereof.

9.       Taxes on the income of the Settlement Amount and expenses and costs incurred in connection with the taxation of the Settlement Amount (including, without limitation, interest, penalties, and the expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid solely out of the Escrow Account.  In all events, the Released Defendant Parties and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  In the event any Taxes are owed by any of the Released Defendant Parties on any interest earned on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Escrow Account.  Any Taxes or tax expenses owed on any interest earned on the Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of Defendants.

10.       Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Escrow Account without prior order from the District Court, and Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).  The Parties agree to cooperate with

the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

## PROVISION OF NOTICE; ADMINISTRATION EXPENSES

11.     Except as otherwise provided herein, all notice and administration costs, including without limitation the fees and expenses of the Claims Administrator in the administration and distribution of the Gross Settlement Fund, shall be paid out of the Gross Settlement Fund.

12.     (a)     At no cost to the Gross Settlement Fund, the Oppenheimer Defendants will provide to the Claims Administrator the names, addresses, and Class Period account transaction data, in electronic searchable form, for individual Class Members to the extent that the Oppenheimer Defendants possess the information.  To the extent that certain Class Members held Champion Income Fund shares at broker-dealers or other intermediaries and, as a result, the Oppenheimer Defendants do not possess the names, addresses and Class Period account transaction data for these Class Members, the Oppenheimer Defendants will provide to the Claims Administrator the names and addresses of such broker-dealers or other intermediaries along with their aggregate account data at no cost to the Gross Settlement Fund.  After the Claims Administrator has notified the broker-dealers or other intermediaries of the Settlement, the Oppenheimer Defendants shall also contact such broker-dealers and intermediaries to advise them of the Settlement and of their obligations under the Court's Preliminary Approval Order, and to request that they provide names, addresses and transactional data to the Claims Administrator. The Defendants are not obligated to bear any costs associated with obtaining Class Members' names, addresses, or Class Period account transactions data from broker-dealers or other intermediaries.

(b)     Within ten (10) business days after execution of this Stipulation, Lead Plaintiffs will apply for entry of the Preliminary Approval Order which, among other things, approves, as reasonable, distribution from the Gross Settlement Fund prior to the Effective Date of up to $350,000 to pay the actual, reasonable costs of providing notice in the Action and administering the Gross Settlement Fund, and approves distribution from the Gross Settlement Fund for future payment of all Taxes pursuant to paragraph 9 that become due and owing.  This advancement of notice and administration costs, to the extent already expended or incurred for that purpose, shall not be subject to repayment if the Settlement does not become effective. Upon the occurrence of the Effective Date, Lead Plaintiffs may file additional motions for approval of additional amounts from the Gross Settlement Fund for payment of reasonable costs of providing Notice and administering the Gross Settlement Fund.

(c)     Except as provided in paragraph 12(a) above, Defendants will not have any responsibility for, involvement in, or liability for the payment of any monies from the Gross Settlement Fund in connection with the administration of the Settlement.

(d)     After the Effective Date, Lead Counsel will apply to the District Court, after giving notice to Defendants' Counsel, for the Distribution Order.

## ALLOCATION OF SETTLEMENT AMOUNT TO AUTHORIZED CLAIMANTS

13.     The allocation of the Net Settlement Fund among the Class Members in this Action shall be subject to a Plan of Allocation to be proposed by Lead Counsel and approved by the District Court.  The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the portion of the cash in the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.

14.     The Plan of Allocation proposed in the Notice is not a necessary term of the Stipulation or this Settlement and is to be considered by the District Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Stipulation.  Approval of the Plan of Allocation proposed in the Notice is not a condition of this Stipulation or this Settlement.  Any Plan of Allocation is a matter separate and apart from the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not affect the validity or finality of the Settlement or the Final Judgment or any other orders entered pursuant to the Stipulation.

15.     Defendants will not have any responsibility for, involvement in, or liability for allocation of the Net Settlement Fund or with the Plan of Allocation, and will take no position with respect to Lead Counsel's proposed Plan of Allocation.

16.     Each Authorized Claimant shall be allocated a *pro rata* share of the cash in the Net Settlement Fund based on the Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants.  This is not a claims-made settlement, *i.e.*, the Settlement Amount will not increase or decrease by reason of the aggregate amount or value of claims filed by Class Members.  If all the conditions of the Stipulation are satisfied and the Effective Date occurs, none of the Settlement Fund will be returned to Defendants or their respective insurers.  Defendants will have no involvement in reviewing or challenging Class Members' claims.

## ATTORNEYS' FEES AND EXPENSES

17.     (a)     Lead Counsel, on behalf of all plaintiffs' counsel in the Action, will apply to the District Court for an award from the Gross Settlement Fund of (i) attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount, plus any interest on such amount at

the same rate and for the same periods as earned by the Settlement Amount; and (ii) reimbursement of out-of-pocket expenses incurred in prosecuting the Action, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Amount ("Fee and Expense Application").  Defendants shall take no position with respect to the Fee and Expense Application.  Any attorneys' fees and expenses awarded by the District Court shall be paid from the Gross Settlement Fund to Lead Counsel within ten (10) calendar days of entry of Final Judgment by the District Court and the order awarding such attorneys' fees and expenses in the Action, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  The Fee and Expense Application shall be considered separately from the Settlement and any decision by the District Court concerning attorneys' fees, allocation, or expenses shall not affect the validity or finality of the Settlement.

(b)      Lead Counsel and each plaintiffs' counsel is obligated to refund to the Gross Settlement Fund the amount received by each in attorneys' fees and expenses plus accrued interest at the rate earned by the Settlement Amount, if and when, as a result of any appeal or further proceeding on remand, or successful collateral attack, the attorneys' fee or expense award is reduced or reversed, if the attorneys' fees or expense award does not become final, if the Settlement itself is voided by any party as provided herein, or if the Settlement is later reversed or modified by any court.

## ADMINISTRATION OF THE SETTLEMENT

18.      The Claims Administrator shall administer the Settlement under Lead Counsel's supervision and subject to the exclusive jurisdiction of the District Court.  Defendants shall have no role in or responsibility (including without limitation monetary responsibility) for

administering the Settlement; no role in or responsibility for reviewing or challenging the claims submitted; and no liability whatsoever to any person or entity including, but not limited to, Lead Plaintiffs, other Class Members, any other plaintiffs, any Class Member's counsel, or Lead Counsel in connection with the administration of the Settlement.  Without limiting the foregoing, the Defendants shall not be liable to any person with regard to any disclosure to the Claims Administrator of personal or potentially private account information, including without limitation the names, addresses, and account transaction data for individual Class Members, the accuracy of such information, or the identity of the Class Members.

19.     The administration of the Settlement is defined as the allocation and distribution of the Net Settlement Fund and may include the investment of such funds; the determination, calculation, processing, or payment of claims; the review and approval or rejection of Proofs of Claim; processing the Plan of Allocation; and the determination, payment, or withholding of Taxes or any loss incurred in connection therewith; and no person or entity, including but not limited to, the Class Members, Lead Plaintiffs and Lead Counsel, shall have any claims against Defendants in connection therewith.

(a)     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be technical defects in any Proof of Claim, Record of Fund Transactions or dispute form in the interest of achieving substantial justice.

(b)     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(i)     For each Class Member for whom Defendants provide name, address and Class Period account transaction information, or for whom broker-dealers or other intermediaries provide name, address and Class Period account transaction information, the Claims Administrator shall send to the Class Member a completed Record of Fund Transactions listing the Champion Fund shares the Class Member acquired and sold between January 1, 2006 and January 1, 2009, along with any dividends or distributions earned and dividends or distributions reinvested during this period.  These Class Members will be considered Authorized Claimants if their claim calculates to a Recognized Claim under the Plan of Allocation approved by the Court, without their taking any action.  Class Members who believe the Record of Fund Transactions completed by the Claims Administrator is incorrect or incomplete will be directed to return a dispute form to the Claims Administrator by the date specified in the Record of Fund Transactions.  Within thirty (30) calendar days of receiving the dispute form, the Claims Administrator shall respond.

(ii)    Each Class Member for whom the Claims Administrator does not receive account transaction data shall be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the Class Member's loss or such other documents or proof as Lead Counsel, in its discretion, may deem acceptable.

(iii)   All required Proofs of Claim must be submitted to the Claims Administrator by the date specified in the Notice unless such period is extended by order of the District Court.  Any Class Member who is required to submit a Proof of Claim but fails to submit a Proof of Claim to the Claims Administrator by the specified date shall be forever barred from receiving any payment pursuant to this Stipulation (unless a later submitted Proof of Claim by such Class Member is approved by order of the District Court), but shall in all other respects be

bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final

Judgment entered in the Action and the releases provided for herein, and will be barred from

bringing any action against any of the Released Defendant Parties concerning the Released

Claims.  Provided that it is actually received no later than thirty (30) calendar days after the final

date for submission of Proofs of Claim, a Proof of Claim shall be deemed to have been submitted

when posted, if received with a postmark on the envelope and if mailed first-class postage

prepaid and addressed in accordance with the instructions provided in the Proof of Claim.  In all

other cases, the Proof of Claim shall be deemed to have been submitted when actually received

by the Claims Administrator.

(iv)    Each Proof of Claim and dispute form shall be submitted to and

reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall

determine the amount of Recognized Claims in accordance with this Stipulation and the Plan of

Allocation and the extent, if any, to which each claim shall be allowed, subject to review by the

District Court pursuant to subparagraph (vi) below.  Except as needed to fulfill its obligations

under paragraph 19(b)(i), the Claims Administrator shall keep confidential the Class Member

and other shareholder information provided to it in connection with the administration of the

Settlement.

(v)    The Claims Administrator may reject any and all Proofs of Claim

or dispute forms that do not meet the filing requirements.  Prior to rejection of a Proof of Claim

or dispute form, the Claims Administrator shall communicate with the claimant in order to afford

such claimant the opportunity to remedy any curable deficiencies in the Proof of Claim or

dispute form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall

notify, in a timely fashion and in writing, all claimants whose Proofs of Claim or dispute forms

they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim or dispute is to be rejected has the right to a review by the District Court if the claimant so desires and complies with the requirements of subparagraph (vi) below.

(vi)    If any claimant whose Proof of Claim or dispute form has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraphs (i) or (v) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the District Court.  If a dispute concerning a Proof of Claim or dispute form cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the District Court for a final determination.

(vii)    The administrative determinations of the Claims Administrator accepting and rejecting Proofs of Claim or dispute forms shall be presented to the District Court, after giving notice to Defendants' Counsel, for approval by the District Court in the Distribution Order.

(c)    Each claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of claims.

(d)     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Authorized Claimants.  All Class Members whose claims are not approved by the District Court or who were required to submit a claim but fail to do so shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and shall be barred from bringing any Released Claims against any of the Released Defendant Parties.

(e)     All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the exclusive jurisdiction of the District Court.

(f)     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to present their objections to the Claims Administrator; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the District Court, and all appeals therefrom have been resolved or the time to appeal has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the District Court, all appeals therefrom have been resolved or the time to appeal has expired, and (iv) all Notice and administrative expenses and Taxes have been paid.

(g)     No Class Member or agent thereof shall have any claim against Defendants, Defendants' Counsel, Lead Counsel, Lead Plaintiffs, the Claims Administrator or any other entity designated by Lead Counsel based on distributions made substantially in

23

accordance with this Stipulation and the settlement contained herein, or further order(s) of the District Court.

## PRELIMINARY APPROVAL OF SETTLEMENT

20.     Concurrently with their application for preliminary District Court approval of the Settlement contemplated by this Stipulation and promptly after execution of this Stipulation, Lead Counsel and Defendants' Counsel shall jointly apply to the District Court for entry of a Preliminary Approval Order, substantially in the form of Exhibit A attached hereto.  The Preliminary Order will, *inter alia*, certify the class for settlement purposes only, preliminarily approve the Settlement, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class.

21.     The Parties will contemporaneously apply for preliminary settlement approval in this Action and in the Core Bond Fund Action.  The Settlement of this Action is conditioned upon Preliminary Approval of both the settlement of this Action and the settlement of the Core Bond Fund Action.

## FINAL JUDGMENT

22.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Plaintiffs and Defendants shall request that the Court enter the Final Judgment, substantially in the form of Exhibit B attached hereto.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

23.     (a)     The Effective Date of Settlement shall be the date when all the following shall have occurred:

(i)     the District Court has entered the Preliminary Approval Order in the Action;

(ii)    the Settlement Amount has been deposited into the Escrow Account as described in paragraph 3;

(iii)   the District Court has finally certified the Class and approved the Settlement in the Action as fair, reasonable, and adequate;

(iv)    the District Court has entered the Final Judgment in the Action and the Final Judgment in the Action has been upheld through the resolution of all appeals and writs of certiorari, and through the expiration of all time to appeal and file writs of certiorari, except that the Effective Date shall not be delayed by any modification of or appeal from those parts of the Final Judgment in the Action that pertain to: (i) the Plan of Allocation; or (ii) any award or allocation of attorneys' fees or expenses; and

(v)     the District Court has preliminarily approved the settlement reached between the parties in the Core Bond Fund Action, including that such settlement is fair, reasonable, and adequate, has entered final judgment in the Core Bond Fund Action, and the final judgment in the Core Bond Fund Action has been upheld through the resolution of all appeals and writs of certiorari, and through the expiration of all time to appeal and file writs of certiorari.

(b)     The Parties to the Stipulation shall have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so to all other Parties to the Stipulation within thirty (30) calendar days of (i) the District Court's decision not to enter the Preliminary Approval Order; (ii) the District Court's refusal to approve this Stipulation in whole or in any material part; (iii) the District Court's decision not to enter the

Final Judgment in whole or in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court; or (v) the failure of any or all of the events described in paragraph 23(a)(v).

(c)     Pursuant to the procedure set forth in the Notice, potential Class Members have the right and ability to exclude themselves from the Class as set forth in the Preliminary Order.  Lead Counsel, in conjunction with the Claims Administrator, shall cause copies of requests for exclusion from the Class to be provided to Defendants' Counsel as they are received. No later than ten (10) calendar days after the final date for mailing requests for exclusion, Lead Counsel shall provide Defendants' Counsel with a complete and final list of all known Class Members who have excluded themselves from the Settlement and with all other known information sufficient for Defendants to determine the number of persons who have requested exclusion and the value of any excluded claims.

(d)     Simultaneously herewith, Lead Counsel and Defendants' Counsel are executing a confidential letter agreement (the "Letter Agreement") that sets forth the conditions and timetable under which Oppenheimer may terminate the Settlement in the event that Class Members who suffered a given amount of alleged losses during the Class Period timely and validly request exclusion from the Class.  Unless otherwise directed by the Court, or in the event of a dispute relating to the Letter Agreement, the Letter Agreement will not be filed with the Court.  In the event that Oppenheimer terminates the Settlement pursuant to the Letter Agreement, this Stipulation shall become null and void and of no further force and effect, except that the provisions of paragraphs 23(e) and 24 shall apply.  Notwithstanding the foregoing, this Stipulation shall not become null and void as a result of the election by Oppenheimer to

terminate the Settlement pursuant to the Letter Agreement unless all conditions set forth in the

Letter Agreement have been satisfied.

(e)     If the Effective Date does not occur, or if the Settlement is terminated or

modified in any material respect or fails to become effective for any reason, then:

(i)     the class certification order shall be vacated and shall not be used

as evidence in any further class certification proceedings;

(ii)     the Parties to the Stipulation shall be deemed to have reverted to

their respective status in the Action as of the date and time immediately prior to the execution of

this Stipulation and, except as otherwise expressly provided, the Parties shall proceed in all

respects as if this Stipulation and any related orders had not been entered;

(iii)     within thirty (30) calendar days from Lead Counsel's receipt of

notice from Defendants' Counsel of termination, modification in any material respect, or failure

of the Effective Date to occur, Lead Counsel shall honor its Repayment Obligation by returning

to the Gross Settlement Fund the total dollar amount distributed from the Gross Settlement Fund

before the Effective Date for Lead Counsel's attorneys' fees and expense reimbursement, plus

interest equal to what would have been earned had such amount remained in the Gross

Settlement Fund; and

(iv)     within thirty-five (35) calendar days from Lead Counsel's receipt

of notice from Defendants' Counsel of termination, modification in any material respect, or

failure of the Effective Date to occur, the Gross Settlement Fund, including amounts repaid or

that should have been repaid pursuant to the Repayment Obligation, shall be returned to

Defendants, less only any Notice and administration costs actually incurred and paid or owing

out of the Settlement Fund pursuant to an Order of the District Court obtained in accordance with

paragraphs 12 and 20 herein, and any Taxes paid or owing in accordance with paragraph 9

herein.

### NO ADMISSION OF WRONGDOING OR LACK OF MERIT

24.    (a)    Defendants deny and continue to deny that they have committed any act or

omission giving rise to any liability in this Action, and state that they are entering into the

Settlement to eliminate the burden, expense, uncertainty and risk of further litigation.  This

Settlement is therefore without admission of fault or liability on the part of any Defendant.

(b)    Lead Plaintiffs believe that the claims asserted in the Action have merit

and that the evidence developed to date supports the claims asserted, and state that they are

entering into the Settlement to eliminate the burden, expense, uncertainty, and risk of further

litigation.  This Settlement is therefore without admission of any lack of merit of the Action or

the validity of any defense on the part of Lead Plaintiffs.

(c)    The terms of this Stipulation (whether the Stipulation becomes final or

not), the negotiations leading up to this Stipulation, the fact of the Settlement, and the

proceedings taken pursuant to the Settlement, shall not:  (1) be construed as an admission of

liability or an admission of any claim or defense on the part of any party, in any respect; (2) form

the basis for any claim of estoppel by any third party against any of the Released Defendant

Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an

admission, of any wrongdoing or liability whatsoever by any of the Released Defendant Parties

or as evidence of the truth of any of the claims or allegations contained in any complaint filed in

the Action.  Neither this Stipulation, nor any of its terms and provisions, nor any of the

negotiations or proceedings connected with it, nor any action taken to carry out this Stipulation

by any of the Parties shall be referred to, offered into evidence, or received in evidence in any

pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Stipulation, to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction), or by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs), or as otherwise required by law.

## MISCELLANEOUS PROVISIONS

25.     (a)     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

(b)     The Parties to the Stipulation intend and agree that the Settlement is a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and Class Members who have not timely excluded themselves from the Class against the Released Defendant Parties with respect to the Released Claims, and that all Class Members who have not timely excluded themselves from the Class shall look solely to the Net Settlement Fund for settlement and satisfaction of all such claims against Defendants.  Nothing herein shall be deemed to release or otherwise bar or impair the Released Defendant Parties' claims against any or all of their insurers.

(c)     The Final Judgment shall include a bar order that, upon the Effective Date would, to the maximum extent allowed by law, bar claims for contribution, indemnification, or the like, however styled, against the Released Defendant Parties by any person or entity, whether arising under state, federal, or common law, based upon, arising out of, relating to, or in connection with the Released Claims. The Final Judgment shall also include a judgment reduction provision whereby, in the event any Class Member seeks to recover damages or any

other form of monetary relief ("Damages") from any person or entity based upon claims that arise out of, or relate in any way to, the Released Claims, the Class Member shall give such person or entity the benefit of judgment reduction or offset equal to the greater of:  (1) the amount of recovery obtained by the Class Member in connection with the Settlement; or (2) the amount of any of the Released Defendant Parties' equitable share of the Damages.  The judgment reduction provision shall provide further that, in the event that any Class Member obtains a judgment against any person or entity based upon claims that arise out of, or relate in any way to, the Released Claims, the Class Member agrees to reduce such judgment, up to the full extent thereof, so as to extinguish any claim such person or entity has successfully litigated against any Released Defendant Party for contribution, indemnification or the like, however styled.

(d)     Lead Plaintiffs and Defendants agree not to assert in this Action that the litigation was brought or defended in bad faith or without a reasonable basis, and agree not to assert any claim of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution or defense of the Action.  The Parties to the Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arms' length in good faith by the Parties to the Stipulation with the assistance of experienced and independent mediators, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

(e)     Unless otherwise specified in the Stipulation, and subject to the District Court's continuing jurisdiction relating to the Settlement of the Action, the parties agree to mediate before Judge Phillips any dispute that arises between the Parties relating to the terms of the Settlement or documentation thereof.

(f)     Until a motion for a Preliminary Approval Order is filed with the District Court, the Parties shall maintain this Stipulation and the Settlement in confidence, except for the disclosure to defendants' insurers and auditors, allocation counsel and consultants assisting with the allocation, the District Court, Judge Phillips, or as required by law or otherwise consented to by the Parties.

(g)     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties to the Stipulation or their successors-in-interest.

(h)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(i)     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the District Court and the District Court shall retain exclusive, continuing jurisdiction for the purpose of enforcing the terms of the Stipulation.

(j)     The Parties to the Stipulation hereby irrevocably submit to the continuing and exclusive jurisdiction of the District Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement as embodied in the Stipulation or its applicability (except as provided in paragraph 25(e)), and agree that they will not oppose the designation of such suit, action, proceeding, or dispute as a related case to this Action.

(k)     The waiver by one Party to the Stipulation of any term or condition of this Stipulation shall not be deemed a waiver of any other Party to the Stipulation.  Nor shall the waiver by one Party to the Stipulation of any term or condition of the Stipulation be deemed a waiver of a prior or subsequent term or condition of the Stipulation.

(l)      This Stipulation and its exhibits, together with the Letter Agreement, constitute the entire agreement between the Lead Plaintiffs (individually and on behalf of the Class) and Defendants concerning the Settlement of the Action, and no representations, warranties, payments, or inducements have been made by any Defendant to Lead Plaintiffs, or by Lead Plaintiffs to any Defendant concerning the subject matter hereof, other than those contained and memorialized in the Stipulation, its exhibits, and the Letter Agreement.

(m)      The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to the Stipulation shall exchange among themselves original signed counterparts.  Electronically transmitted signatures are valid signatures as of the date thereof.

(n)      The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Stipulation.

(o)      All agreements made and orders entered during the course of this Action relating to the confidentiality of documents and information shall survive this Stipulation in accordance with their terms.

(p)      The construction, interpretation, operation, effect, and validity of the Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Colorado without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.  Lead Plaintiffs (on behalf of himself and the Class) and Defendants understand and agree that any disputes arising out of the Stipulation shall be governed and construed by and in accordance with the laws of the State of Colorado, without reference to choice of law principles.

(q)     The Stipulation shall not be construed more strictly against one Party to the Stipulation than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arms' length negotiations between the Parties to the Stipulation, and all Parties to the Stipulation have contributed substantially and materially to the preparation of the Stipulation.

(r)     Any and all counsel and Parties to the Stipulation who execute the Stipulation and any of the exhibits hereto, or any related Settlement documents, represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

(s)     Lead Counsel and Defendants' Counsel agree to recommend approval of the Stipulation by the District Court and to undertake their best efforts and cooperate fully with one another in seeking District Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement and the entry of the Final Judgment.  Lead Counsel and Defendants' Counsel agree to take all reasonable actions necessary to effectuate the performance of, and uphold the validity and enforceability of, this Stipulation.

(t)     The Parties agree to cooperate to take such steps as may be reasonably appropriate to resolve the derivative actions, *Turpin v. Murphy et al*., Civil Action No. 1:09-cv-02627-JLK and *Bohus v. Manioudakis et al*., Civil Action No. 1:10-cv-01473-JLK, relating to Oppenheimer.

(u)     The Parties agree that Oppenheimer will make the first disclosure of this proposed settlement and will provide reasonable advance notice to the other Parties of any such

disclosure.  The Parties further agree that Oppenheimer will have a reasonable opportunity for prior review and comment on any disclosure relating to the settlement to be made thereafter by Lead Plaintiffs, the Class, Lead Counsel, Liaison Counsel or any plaintiffs' counsel in the Action.

IN WITNESS WHEREOF, the Parties have, through their respective counsel, executed this Stipulation as of the date first above written.

**LABATON SUCHAROW LLP**

By:_____
      Jonathan M. Plasse
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700

*Lead Counsel for Plaintiffs*

**DECHERT LLP**

By:_____
      William K. Dodds
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500

*Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., John V. Murphy, and Brian W. Wixted*

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By:_____
      Sean Matt
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292

*Additional Counsel for Plaintiffs*

**PERKINS COIE LLP**

By:_____
      Stephanie E. Dunn
1899 Wynkoop Street, Suite 700
Denver, CO 80202-1043
Telephone: (303) 291 -2300

*Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., John V. Murphy, and Brian W. Wixted*

disclosure.  The Parties further agree that Oppenheimer will have a reasonable opportunity for prior review and comment on any disclosure relating to the settlement to be made thereafter by Lead Plaintiffs, the Class, Lead Counsel, Liaison Counsel or any plaintiffs' counsel in the Action.

IN WITNESS WHEREOF, the Parties have, through their respective counsel, executed this Stipulation as of the date first above written.

**LABATON SUCHAROW LLP**

By:_____
        Jonathan M. Plasse
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700

*Lead Counsel for Plaintiffs*

**DECHERT LLP**

By:_____
        William K. Dodds
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500

*Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., John V. Murphy, and Brian W. Wixted*

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By:_____
        Sean Matt
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292

*Additional Counsel for Plaintiffs*

**PERKINS COIE LLP**

By:_____
        Stephanie E. Dunn
1899 Wynkoop Street, Suite 700
Denver, CO 80202-1043
Telephone: (303) 291 -2300

*Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., John V. Murphy, and Brian W. Wixted*

disclosure. The Parties further agree that Oppenheimer will have a reasonable opportunity for prior review and comment on any disclosure relating to the settlement to be made thereafter by Lead Plaintiffs, the Class, Lead Counsel, Liaison Counsel or any plaintiffs' counsel in the Action.

IN WITNESS WHEREOF, the Parties have, through their respective counsel, executed this Stipulation as of the date first above written.

| | |
|---|---|
| **LABATON SUCHAROW LLP** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| By:_____<br>Jonathan M. Plasse<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700 | By:_____<br>Sean Matt<br>1301 Fifth Avenue, Suite 2900<br>Seattle, Washington 98101<br>Telephone: (206) 623-7292 |
| *Lead Counsel for Plaintiffs* | *Additional Counsel for Plaintiffs* |
| **DECHERT LLP**<br>By:_____<br>William K. Dodds<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500 | **PERKINS COIE LLP**<br>By:_____<br>Stephanie E. Dunn<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202-1043<br>Telephone: (303) 291-2300 |
| *Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., John V. Murphy, and Brian W. Wixted* | *Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., John V. Murphy, and Brian W. Wixted* |

disclosure.  The Parties further agree that Oppenheimer will have a reasonable opportunity for

prior review and comment on any disclosure relating to the settlement to be made thereafter by

Lead Plaintiffs, the Class, Lead Counsel, Liaison Counsel or any plaintiffs' counsel in the

Action.

IN WITNESS WHEREOF, the Parties have, through their respective counsel, executed

this Stipulation as of the date first above written.

**LABATON SUCHAROW LLP**

By:_____
      Jonathan M. Plasse
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700

*Lead Counsel for Plaintiffs*

**DECHERT LLP**

By:_____
      William K. Dodds
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500

*Attorneys for Defendants OppenheimerFunds,
Inc., OppenheimerFunds Distributor, Inc., John
V. Murphy, and Brian W. Wixted*

**HAGENS BERMAN SOBOL SHAPIRO
LLP**

By:_____
      Sean Matt
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292

*Additional Counsel for Plaintiffs*

**PERKINS COIE LLP**

By: Stephanie Dunn
      Stephanie E. Dunn
1899 Wynkoop Street, Suite 700   1900 16th St., #1400
Denver, CO 80202-1043  80255
Telephone: (303) 291 -2300

*Attorneys for Defendants OppenheimerFunds,
Inc., OppenheimerFunds Distributor, Inc., John
V. Murphy, and Brian W. Wixted*

34

**K&L GATES**

By: _Peter G. Rush_
Peter G. Rush
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121

*Attorneys for William L. Armstrong, Robert G.
Avis, George C. Bowen, Edward L. Cameron,
Jon S. Fossel, Sam Freedman, Beverly L.
Hamilton, Robert J. Malone, and F. William
Marshall, Jr. and the Oppenheimer Integrity
Funds*

**DAVIS, GRAHAM & STUBBS LLP**

By:_____
Dale R. Harris
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 892-9400

*Attorneys for William L. Armstrong, Robert G.
Avis, George C. Bowen, Edward L. Cameron,
Jon S. Fossel, Sam Freedman, Beverly L.
Hamilton, Robert J. Malone, and F. William
Marshall, Jr. and the Oppenheimer Integrity
Funds*

35

**K&L GATES**

By:_____
                Peter G. Rush
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121

*Attorneys for William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, and F. William Marshall, Jr. and the Oppenheimer Integrity Funds*

**DAVIS, GRAHAM & STUBBS LLP**

By: *Dale R. Harris*
                                by prh
                Dale R. Harris
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 892-9400

*Attorneys for William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, and F. William Marshall, Jr. and the Oppenheimer Integrity Funds*