**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Civil Action No. **09-cv-386-JLK-KMT** (consolidated with **09-cv-525-JLK-KMT**)

**IN RE: OPPENHEIMER CHAMPION FUND SECURITIES FRAUD CLASS ACTIONS**

*This document relates to BOTH actions.*

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending before the Court entitled *In re Oppenheimer Champion Fund Securities Fraud Class Actions*, No. 09-cv-386-JLK-KMT (the "Action");

WHEREAS, the Court has received the unopposed motion for preliminary approval of the Stipulation and Agreement of Settlement dated May 19, 2011 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiffs having made an unopposed motion for preliminary approval of the settlement, pursuant to Federal Rule of Civil Procedure 23(e) ("Federal Rule 23"), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto (the "Settlement"); and

WHEREAS all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on September 30, 2011, at 1:30 p.m., at the Alfred A. Arraj United States District Courthouse, 901 19th Street, Denver, Colorado 80294, Courtroom A802, to determine whether: the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a judgment as provided in ¶ 22 of the Stipulation should be entered; whether the proposed plan of distribution for the proceeds of the Settlement ("Plan of Distribution") should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel and Lead Plaintiffs.

3. Pursuant to Federal Rule 23, the Court certifies the following Class:

> The Class shall include all persons and entities who purchased or otherwise acquired shares of the Champion Fund during the Class Period and who were damaged thereby. Excluded from the Class are Defendants; Oppenheimer's Officers and Directors; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors, or assigns; any entity in which Defendants have or had a controlling interest; and any mutual fund or account managed by OFI or its affiliates (including without limitation "funds of funds") that owned shares of the Champion Fund. Also excluded from the Class are any proposed Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice ("the Class").

> "Class Period" means the period from January 1, 2006 through December 31, 2008, inclusive.

4. The Court finds that certification of the Class meets the requirements of Federal Rule 23 as follows:

a. There are at least tens of thousands of Members of the Class and likely more, and the Class is of sufficient size and geographical dispersion that joinder of all Class Members is impracticable, thus satisfying Federal Rule 23(a)(1).

b. There are questions of law and fact common to the Class, thus satisfying Federal Rule 23(a)(2). Among the questions of law and fact common to the Class are: whether the Securities Act of 1933 was violated by Defendants' acts as alleged; whether statements made by Defendants to the investing public in the Champion Income Fund Registration Statements and Prospectuses misrepresented or omitted material facts; and whether the Members of the Class have sustained damages and, if so, what is the proper measure thereof.

c. Lead Plaintiffs' claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 are typical of the claims of the Class, thus satisfying Federal Rule 23(a)(3).

d. Lead Plaintiffs Thomas H. Goodman and Errol G. O'Steen, and their counsel, Labaton Sucharow LLP and Hagens Berman Sobol Shapiro LLP, will fairly and adequately protect the interests of the Class, thus satisfying Federal Rule 23(a)(4).

e. The questions of law and fact common to the Class predominate over any questions affecting only individual members, thus satisfying Federal Rule 23(b)(3).

f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus satisfying Federal Rule 23(b)(3).

5. Class Members are provided an opportunity to be excluded from the Class. The deadline to request exclusion is August 31, 2011.

6. Lead Plaintiffs Thomas H. Goodman and Errol G. O'Steen are appointed representatives of the Class.

7. Labaton Sucharow LLP and Hagens Berman Sobol Shapiro LLP are appointed Class Counsel. The Shuman Law Firm is appointed Liaison Counsel.

8. The Court approves, as to form and content, the "Notice of Pendency and Proposed Settlement of Class Action for Identified Purchasers" and the "Notice of Pendency and Proposed Settlement of Class Action for Un-Identified Purchasers" (collectively, the "Notice"), and Publication Notice for publication, in substantially the forms annexed as Exhibits 1, 2, and 5 hereto, and finds that the mailing and distribution of the Notice and publishing of the Publication Notice, as set forth herein, meet the requirements of Federal Rule 23, due process, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Claims Administrator") to supervise and execute the notice program as well as the administration of the Settlement, as more fully set forth below and as set forth in the Stipulation:

    a. Not later than July 15, 2011 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the forms annexed hereto, to be mailed by first class mail, postage prepaid, to all Class Members who can be identified with reasonable effort. The Oppenheimer Defendants, to the extent they have not already

done so, shall within ten (10) calendar days of entry of this Order, provide to the Claims Administrator, at no cost to Lead Plaintiffs, Lead Counsel, the Class or the Claims Administrator, a list, in electronic searchable form, of the names, addresses, and Class Period account transaction data for individual Class Members to the extent that the Oppenheimer Defendants possess the information. To the extent that certain Class Members held Champion Income Fund shares at broker-dealers or other intermediaries ("Broker-Dealer Intermediaries") and, as a result, the Oppenheimer Defendants do not possess the names, addresses and Class Period account transaction data for these Class Members, the Oppenheimer Defendants shall within two (2) calendar days of entry of this Order provide to the Claims Administrator the names and addresses of such broker-dealers or other intermediaries along with their aggregate account data at no cost and in electronic searchable form. After the Claims Administrator has notified the broker-dealers or other intermediaries of the Settlement, the Oppenheimer Defendants shall also contact such broker-dealers and intermediaries to advise them of the Settlement and of their obligations under this Order, and to request that they provide names, addresses and transactional data to the Claims Administrator. The Defendants are not obligated to bear any costs associated with obtaining Class Members' names, addresses, or Class Period account transactions data from broker-dealers or other intermediaries.

  b. Not later than July 29, 2011, the Claims Administrator shall cause the Publication Notice to be published once in *Investor's Business Daily* and transmitted over PRNewswire.

  c. Together with the mailed Notice, the Claims Administrator shall send, for those Class Members for whom the Claims Administrator has obtained transaction data, a

Record of Fund Transactions from January 1, 2006 through December 31, 2008, substantially in the form annexed as Exhibit 4 hereto. For those Class Members for whom the Claims Administrator has been unable to obtain transaction data (or has only incomplete transaction data), the Claims Administrator shall send a Proof of Claim form ("Proof of Claim"), substantially in the form annexed as Exhibit A-3 hereto, with the Notice.

    d.    Not later than July 29, 2011, Class Counsel shall file with the Court papers in support of their request for an award of attorneys' fees and expenses.

    e.    Not later than July 29, 2011, Class Counsel shall file with the Court papers in support of approval of the Settlement and Plan of Distribution, including a declaration of proof of mailing and publishing notice. Reply papers, if any, shall be filed by Class Counsel no later than September 15, 2011.

    f.    Class Members who were sent Proofs of Claim must return completed forms to the Claims Administrator no later than October 30, 2011 in order to be eligible to participate in any Settlement distributions. Class Members who were sent a Record of Fund Transactions and wish to challenge the information therein must contest the Claims Administrator's determinations by the deadline set by the Claims Administrator.

10.    Within five (5) business days of this Order, the Claims Administrator is directed to send a notification to all Broker-Dealer Intermediaries identified in the intermediary account data provided by Oppenheimer requesting that, for each account that held Oppenheimer Champion Income Fund shares at any time from January 1, 2006 through December 31, 2008, the Broker-Dealer Intermediary shall provide the name(s), address(es) of each account-holder and all Champion Income Fund transaction data in each account. The notification shall inform

the Broker-Dealer Intermediaries that, if it is not feasible to provide the Champion Income Fund transaction data for each account by July 1, 2011, the Broker-Dealer Intermediaries still must provide name and address information by that date so that Proofs of Claim may be sent to account-holders who held Champion Income Fund shares in accounts with that Broker-Dealer Intermediary. The Court hereby orders such Broker-Dealer Intermediaries to promptly provide all information requested by the Claims Administrator in order for the intermediary account-holders to benefit from the proposed Settlement.

11. Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such an exclusion request shall mail the written request to the address designated in the Notice for such exclusions, such that it is postmarked no later than August 31, 2011. Such request for exclusion must state the name, address, and telephone number of the person or entity seeking exclusion, that the person "requests exclusion from the Class in "*In re Oppenheimer Champion Fund Securities Fraud Class Actions*, Case No. 09-cv-386-JLK-KMT," and must be signed and dated by such person. Such persons requesting exclusion are also directed to state: (i) the name of the broker at which such person or entity held Champion Income Fund shares, if any; (ii) the date, number and share price of each Champion Income Fund share purchase and sale made during the period from January 1, 2006 through December 31, 2008, inclusive, and the dollar amount of dividends earned thereon, through December 31, 2008 or the date of sale of such shares, if earlier; and (iii) the number of Champion Income Fund shares that such persons held on December 31, 2005. The request for exclusion shall not be effective unless it provides all of

the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.  Class Members timely and validly requesting exclusion from the Class as set forth in Paragraph 11 shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice, unless otherwise ordered by the Court.

13.  Any Member of the Class may appear at the Settlement Hearing and show cause, if he, she or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Distribution should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Class Counsel or Lead Plaintiffs; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or the attorneys' fees and expenses to be awarded to Class Counsel or Lead Plaintiffs, unless that person or entity has delivered by hand or sent by mail to the parties below a written objection complying with the requirements set forth in the Notice, and copies of any papers and briefs, such that they are postmarked on or before August 31, 2011 and filed with the Court:

Clerk of the Court
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, Colorado 80294-3589

| | |
|---|---|
| Jonathan M. Plasse | Peter G. Rush |
| Labaton Sucharow LLP | K&L Gates LLP |
| 140 Broadway | 70 West Madison Street, Suite 3100 |
| New York, New York  10005 | Chicago, IL  60602 |

William K. Dodds

Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

Any Member of the Class who does not make his, her or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Distribution, or to the award of attorneys' fees and expenses to Class Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.

14. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Distribution, and/or the application for an award of attorneys' fees and other expenses to Class Counsel or Lead Plaintiffs are required to indicate in their written objection their intention to appear at the hearing, as set forth in the Notice. Persons who intend to object to the Settlement, the Plan of Distribution, and/or the application for an award of attorneys' fees and expenses to Class Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing, and comply with the requirements in the Notice. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Settlement Fund shall be under the authority of this Court.

18. The Defendants shall not have any responsibility for or liability with respect to the Plan of Distribution or any application for attorneys' fees or reimbursement of expenses submitted by Class Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Settlement and any application for attorneys' fees or reimbursement of expenses by Class Counsel or Lead Plaintiffs shall be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement, including the payment of Taxes, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Gross Settlement Fund.

21. This Preliminary Approval Order, the Stipulation and its terms, the negotiations leading up to this Stipulation, the fact of the Settlement, and the proceedings taken pursuant to the Settlement, shall not: (1) be construed as an admission of liability or an admission of any

claim or defense on the part of any party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any wrongdoing or liability whatsoever by any of the Released Defendant Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Action or deemed to be evidence of or an admission or concession that Lead Plaintiffs or any Class Members have suffered any damages, harm, or loss.  Neither this Preliminary Approval Order, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any action taken to carry out this Preliminary Approval Order or the Stipulation by any of the Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Preliminary Approval Order, the Stipulation, or to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction), or by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs), or as otherwise required by law.

22. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, prosecute or assist, without legal compulsion, in the prosecution of any action which asserts a Released Claim against any of the Released Defendant Parties.

23. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Gross

Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

24.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement and/or the Plan of Distribution, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED:  Wednesday, June 1, 2011            **John L. Kane**
                                           SENIOR U.S. DISTRICT JUDGE