**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. 09-cv-00386-JLK-KMT (consolidated with 09-cv-525-JLK-KMT)

In re: OPPENHEIMER CHAMPION FUND SECURITIES FRAUD CLASS ACTIONS

---

**ORDER GRANTING TFS SECURITIES, INC.'S MOTION TO ENFORCE THE
SETTLEMENT, FINAL JUDGMENT AND ORDER OF DISMISSAL DATED
SEPTEMBER 30, 2011 AS TO PUTATIVE CLASS MEMBER NANCY CHARD**

---

Kane, J.

Broker-dealer TFS Securities, Inc. ("TFS") moves to enforce the September 2011 settlement entered in the Oppenheimer Champion Fund securities fraud class action, specifically asking the court to direct class member Nancy V. Chard to withdraw or otherwise cease prosecuting claims against TFS currently pending before the Financial Industry Regulatory Authority (FINRA) against it. Ms. Chard's FINRA action is premised on claims TFS encouraged her to invest in the Champion Fund based on "false representations" related to "preservation of capital" and the security of her principal. Because these claims are substantively identical to the claims litigated, and settled, in the Champion Fund Class Action, TFS contends they were released under the terms of the Settlement Agreement and Judgment and may not be pursued or litigated any further before FINRA. I agree.

I have already visited the standards applicable to this Motion in an Order issued in March 2012 related to a FINRA action being pursued by another Champion Fund class member, Patricia Newton. In that Order (Doc. 195), I determined (1) that the question of arbitrability was mine as the judge charged with the interpretation and enforcement of the Settlement Agreement at issue (*see* \*) and (2) that Ms. Newton's FINRA claims premised on the "identical factual

1

predicate" as settled claims had been released and were not properly the subject of arbitration or any other legal proceeding against any Released Defendant under the Agreement. Finding the broker-dealer against whom Ms. Newton had brought her FINRA arbitration action to be a "Released Defendant" under the Agreement, and the claims she was bringing to be "Released Claims," I issued my order and directed Ms. Newton present it to the FINRA arbitration panel for action consistent therewith.

In correspondence and FINRA filings leading up to the instant dispute, TFS gave Ms. Chard's FINRA representative, Benjamin Lapin, a copy of the Newton Order and formally asked him to withdraw the FINRA arbitration action. Mr. Lapin declined, and TFS filed the instant Motion to Enforce the Champion Class Settlement and a Motion to Stay in the FINRA action. When the time for filing a response to the Motion to Enforce lapsed, I ordered counsel for TFS to confer with Mr. Lapin and update me on the FINRA proceedings and Ms. Chard's position on the Motion to Enforce. *See* Minute Order (Doc. 203). That same day, the Court received a letter from Mr. Lapin (Doc. 204) indicating he would not accept service in any proceedings before this Court on Ms. Chard's behalf. On October 4, 2013, TFS a Status Report (Doc. 205), relaying Mr. Lapin's position that he was not a lawyer and would not represent Ms. Chard on Motion to Enforce, and asking me to exercise my jurisdiction under the Settlement Agreement to enforce the Court's Judgment before any more time and energy was spent arbitrating claims that were settled in the Oppenheimer Champion Fund Class Action.

Before issuing my ruling on TFS's Motion, I note Ms. Chard has been aware of TFS's position regarding the settled nature of her claims for several months, both through her FINRA representative and in filings currently pending before the arbitrators there. In the six weeks since the Motion to Enforce was filed, Ms. Chard has neither responded to the Motion nor retained

counsel to address it. Because the status of her FINRA claims as "Released Claims" under the Agreement is apparent on their face, I GRANT the Motion and make the following FINDINGS of FACT and CONCLUSIONS of LAW:

1. The scope of an agreement to arbitrate is a question of arbitrability within the purview of the court. *In re American Express Fina. Advisory Secs. Litig.*, 672 F.2d 113, 139 (2d Cir. 2011). The scope of the Champion Fund class action Settlement Agreement and Release, therefore, is for me to ascertain in the first instance. *See* Newton Order (Doc. 195) at 3.

2. Paragraph 2(b) of the Champion Fund Settlement Agreement (Doc. 177-2) releases "any and all Released Claims against each and every one of the Released Defendant Parties . . . ."

3. Paragraph 1(y) of the Champion Fund Settlement Agreement defines "Released Defendant Parties" to include "broker-dealers or financial advisers of any Class Member." TFS is a "Released Defendant Party" under the Agreement.

4. Paragraph 15 of the Final Judgment incorporating the Settlement Agreement (Doc. 169) prohibits any settlement class member, "other than a Class Member who validly and timely elected to be excluded from the Class," from commencing or continuing "any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the [Settlement Agreement]" and "permanently enjoin[s]" them from doing so. Ms. Chard is a member of the Champion Fund investor class who did not opt out of the settlement. Accordingly, she is a member of the settlement class precluded under the Final Judgment from pursuing any Released Claims under the Agreement.

5. "Released Claims" under the Champion Fund class action Settlement Agreement are defined as:

> [A]ll claims, demands, rights, actions, suits, or causes of action of every nature and description, whether known or unknown (including Unknown Claims, as defined herein), whether the claims arise under federal, state, statutory, regulatory, common, foreign or other law, whether foreseen or unforeseen, and whether asserted individually, directly, representatively, derivatively, or in any other capacity, that the Releasing Plaintiff Parties: (1) asserted in the Complaint or the Action as against the Released Defendant Parties; (2) *have asserted, could have asserted, or could assert in the future, in any forum against the Released Defendant Parties that are based upon, arise out of, or relate in any way to the facts, matters, transactions, allegations, claims, losses, damages, disclosures, filings, or statements set forth in the Complaint or at issue in the Action*; or (3) have asserted, could have asserted, or could assert in the future relating to the prosecution, defense, or settlement of the action as against the Released Defendant Parties.

*Id.*, ¶ 1(x)(emphasis mine). That class action settlements may require class members to release not only the claims asserted in the settled action but also any current or future claims based on the same operative facts is well established. As the Supreme Court has observed, in order to accomplish a full and effective settlement and thereby "prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the 'identical factual predicate' as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action." *Matsushita Electric Indus. Co. v. Epstein*, 516 U.S. 367, 376-77 (1996) (quoting *Nottingham Partners v. Dana*, 564 A.2d 1089, 1106 (Del. 1989) and *TBK Partners v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)). The Champion Fund Settlement Agreement and Release were approved on that basis in my September 30, 2011, Order.

6. Ms. Chard's FINRA claims against TFS are "Released Claims" under the Champion Fund class action Settlement Agreement in that they are "based on, arise out of, or relate to" the same facts and allegations underlying the class action claims. Specifically, Ms. Chard claims TFS and other agents and representatives of Oppenheimer encouraged her

4

to invest in Champion Fund shares based on "false promises of preservation of capital" and assurances that her "principal was guaranteed."

> [W]here there is a realistic identity of issues between the settled class action and the subsequent suit . . . the situation is analogous to the barring of claims that could have been asserted in the class action. Under such circumstances the paramount policy of encouraging settlements takes precedence.

*TBK Partners* at 461. That those facts are presented to support relief under different legal theories such as fraud, negligence and breach of fiduciary duty does not matter; what is to be prevented is the "relitigation of settled questions at the core of a class action." *Id.* at 460. Based on my knowledge of the Champion Fund litigation and my review of Ms. Chard's FINRA claims, there is, indeed, an identity of operative facts underlying them both that impacts the original agreement to arbitrate. Accordingly,

TFS's Motion to Enforce the Settlement and Final Judgment and Order of Dismissal Dated September 30, 2011 (Doc. 201) is GRANTED. I have jurisdiction over the subject matter of Ms. Chard's claims against TFS and find them to be "Released Claims" within the meaning of the operative Class Action Settlement Agreement entered in Civil Action No. 09-cv-386, *In re Oppenheimer Champion Fund Securities Class Action*. I further find TFS to be a "Released Defendant" under the terms of that Agreement that cannot be compelled to arbitrate "Released Claims" before FINRA. TFS shall cause this Order to be submitted to the FINRA arbitration panel for action consistent with it.

Dated October 8, 2013        **s/John L. Kane**
                             SENIOR U.S. DISTRICT JUDGE